Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for Defendant DILLARDS, INC.

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM, an individual, | Case No. 3:22-cv-01432-LL-LR |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS STATE LAW CAUSES OF ACTION** |
| v. | |
| DILLARDS, INC., | [Fed.R.Civ.P.  12(b)(1), 28 U.S.C. § 1367(c)] |
| Defendant. | Date:   April 4, 2023<br>Courtroom:  5D, 5th Fl. |
| | Hon. Linda Lopez |
| | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT.** |

SUMMARY OF MOTION

Plaintiff Fernando Gastelum's ("Plaintiff") Complaint against Defendant DILLARD, INC. ("Defendant") alleges causes of action under the Americans with Disabilities Act, Title III (relating to public accommodations), the California Disabled Persons Act and the California Unruh Act. Defendant brings this motion to dismiss on the following grounds:

1. Plaintiff fails to plead facts sufficient to allege the standing requirement of an injury-in-fact.

2. State law claims predominate Plaintiff's Complaint,

3. There novel and complex issues of state law, and

4. There are compelling reasons to decline supplemental jurisdiction under 28 U.S.C. §1367(c).

**STATEMENT OF RELEVANT FACTS**

Plaintiff sues Defendant for injunctive relief under the Americans with Disabilities Act (42 USC §§12101 et seq. "ADA") and for damages and injunctive relief under California's Unruh Civil Rights Act (Civil Code §§51 et seq.) and the California Disabled Persons Act. Defendant is the owner of a retail store in El Centro, California. Plaintiff, who resides in Casa Grande, Arizona, alleges he is disabled (Compl. ¶1) and uses either a cane or a wheelchair for mobility. He alleges that he visited the property on February 24, 2022. Compl., ¶ 10. He alleges three specific violations of the 2010 ADA Accessibility Guidelines: (a) Clear width of accessible routes was less than 36" between displays of merchandise; (b) The public restroom door requires the push-pull force greater than 5 lbs.; and (c) The fitting room bench did not provide a back support and it was not fixed to the wall.

As is readily ascertainable from the Court's own records, Plaintiff Gastelum has filed 33 accessibility lawsuits in the California District Courts in the 12 months prior to filing the present lawsuit. This number of lawsuits qualifies him as a "high-frequency litigant" under

1  California Code of Civil Procedures §§425.50 and 425.55, which makes him subject to
2  special pleading requirements as a condition of seeking Unruh Act remedies.

## PROCEDURAL AUTHORITY FOR MOTION

Lack of Subject matter jurisdiction will result in dismissal. (Federal Rule of Civ. Proc. 12(b)(1)). Even at the initial pleading stage, plaintiffs bear the burden of establishing the court's subject matter jurisdiction. California Practice Guide, *Federal Civil Procedure Before Trial*, §9:77.10. The present lawsuit should be dismissed for a trifecta of independently fatal deficiencies: pleading, jurisdictional, and factual.

## ANALYSIS OF GROUNDS FOR DISMISSAL

A.  <u>There Are Multiple Grounds for this Court to Decline Supplemental Jurisdiction of Plaintiff's State Law Causes of Action</u>.

Under 28 U.S.C. 1367(c), a federal district court may decline supplemental jurisdiction over a plaintiff's state law claims if any one of the following four grounds exist:

(1) The claim raises a novel or complex issue of State law;

(2) The claim substantially predominates compared with the claim or claims over which the district court has original jurisdiction;

(3) The district court has dismissed all claims over which it has original jurisdiction; or

(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

The same is true in public accommodation/disability access cases filed in Federal District Court. *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1029 (S.D. Cal. 2017)(holding that statutory damages available to Plaintiff under the Unruh Act substantially predominate over the injunctive relief available under the ADA). As the Ninth Circuit recently held:

California has attempted to limit abusive lawsuits under these statutes by

imposing stricter procedural requirements and higher filing fees on "high-frequency litigant[s]" in state court. Arroyo, 19 F.4th at 1207 (citing Cal. Civ. P. Code § 425.55). However, plaintiffs can circumvent the restrictions on high-frequency litigants by filing their complaints in federal court, asserting federal question jurisdiction over the ADA claim and supplemental jurisdiction over the state-law claims. Id. In light of this procedural oddity, the number of ADA cases in the Central District of California (where this case originated) has ballooned from 3 percent of its civil docket to roughly 20 percent in recent years. Id.

*Shayler v. 1310 PCH, Ltd. Liab. Co.*, 51 F.4th 1015, 1018 (9th Cir. 2022).

B. <u>The Issue Has Been Settled by the 9th Circuit Court of Appeals: There Are Compelling Reasons for this Court to Decline Supplemental Jurisdiction of State Law Causes of Action in Construction-related Access Lawuits, Particularly When the Plaintiff Is Classified as a "High-frequency Litigant" by State Law.</u>

While the trend already overwhelmingly favored declining supplemental jurisdiction of the state law claims of construction-related accessibility litigants, the trend has now been validated by the Ninth Circuit Court of Appeals in a published decision, *Arroyo v. Rosas* 19 F.4th 1202 (9th Cir. 2022). Referring to special procedures enacted by California to curb perceived abuse of state laws in "construction-related access" lawsuits (*see e.g.*, Cal. Code of Civil Procedure §425.50-55; *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025 (S.D. Cal. April 10, 2017); *Schutza v. Alessio Leasing, Inc.*, No. 18cv2154-LAB (AGS)) 2019 U.S.Dist.LEXIS 60152 (S.D.Cal. Apr. 5, 2019 at *10-12.). The Ninth Circuit Court of Appeals opined:

> . . . Unruh Act plaintiffs have "evaded these limits" by filing in a federal "forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." In short, the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded.

These circumstances are "exceptional" in any meaningful sense of the term. And failing to recognize them as exceptional would improperly ignore the very substantial threat to federal state comity that this overall situation presents. Comity principles counsel against, for example, "step[ping] on the toes of the state courts" by imposing gratuitous and unnecessary burdens on them.

In light of the foregoing , we have little difficulty concluding that the district

> court did not abuse its discretion in concluding that the situation presented here involves "exceptional circumstances" within the meaning of § 1367(c)(4).

*Arroyo v. Rosas* 19 F.4th 1202, 211-1213 (9th Cir. 2022) (internal citations omitted). *See also*, *Thanh Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022)(following *Arroyo v Rosas*).

Plaintiff here has a long-established record as a high-frequency litigant who files in District Court to avoid the State pleading requirements enacted specifically for his style of filing lawsuits. Gastelum has filed over 69 cases in the federal courts since January 2021. *See* PACER List of Cases Filed, attached to the Request for Judicial Notice as Exhibit 1. If Plaintiff wants to pursue State Court remedies, he should be made to comply with the procedural pre-requisites intended to act as a gate keeper for such lawsuits.

## CONCLUSION

Defendant respectfully requests this Court to issue an order dismissing Plaintiff's Complaint and declining supplemental jurisdiction over Plaintiff's state law claims.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: February 28, 2023

By:_____
Philip H. Stillman, Esq.
Attorneys for Defendant DILLARDS, INC.

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on February 28, 2023 or as soon as possible thereafter, copies of the foregoing Motion to Dismiss State Causes of Action and Memorandum of Points and Authorities was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and by email to Plaintiff.

By: /s/ *Philip H. Stillman*
Attorneys for Defendant