

1  Name: Fernando Gastelum
2  Address: 209 W. 9th Street
   Casa Grande, AZ 85122
3  Telephone Number: 520-560-0927
   Email: fernandog8899@gmail.com
4  *Pro se*

5

6  **UNITED STATES DISTRICT COURT**

7  **SOUTHERN DISTRICT OF CALIFORNIA**

8

9                                          Case No.: 3:22-CV-01432-LL-LR

10 FERNANDO GASTELUM,                       **VERIFIED MOTION FOR**
                                            **SUMMARY JUDGMENT**
11                  Plaintiff,

12 vs.

13 DILLARS, INC.
                    Defendant.
14

15

16 **1.  Introduction:**

17      Plaintiff brings this early motion for summary judgment pursuant to Federal Rule

18 56(b) because this is a humble ADA and Unruh case where the photographically

19 documented facts are indisputable and the law is well established. Under Rule 1, early

20 determination of this Motion will "secure the just, speedy, and inexpensive

   determination" of this action.

21      In his First Amended Verified Complaint, Dkt. at 9, Plaintiff alleges that he is

22 missing a leg, that on February 24, 2022, he visited Defendant's store at 3451 S.

23 Dogwood Rd., El Centro, CA 92243 ("Store")  to conduct business there, but was

24 deterred because the Store was not compliant with the ADA ad Unruh.

25      The facts are clear, photographic evidence unassailable, and the law is settled. For

26 these reasons, Plaintiff submits this Motion.

27

28

                                         1

## 2. **Verified Statement of Facts**

1. Plaintiff is a senior citizen missing a leg. Plaintiff uses a wheelchair for mobility and has a specially equipped sport utility vehicle.

2. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.

3. Defendant owns a general merchandise store at 3451 S. Dogwood Rd., El Centro, CA 92243.

4. The Store is open to the public, a place of public accommodation, and a business establishment.

5. Plaintiff visited the Store on or about February 24, 2022 with the intention to avail himself of their goods or services motivated in part to determine if the Defendant complies with the disability access laws.

6. Plaintiff encountered the following non-exhaustive barriers to accessibility:

    a. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1. A representative photograph discloses this condition:



1

2     b.   The public restroom door requires the push-pull force greater than 5 lbs. This

3       condition makes it more difficult for Plaintiff to open the door. This condition

4       violates accessibility standards at 309.4.2:

5

6

7

8

9

10

11

12

13

14

15

16

17

18



19     c.   The fitting room bench did not provide a back support and it was not fixed to the

20       wall. This condition makes the use of the fitting room bench more difficult to

21       Plaintiff. This condition violates accessibility standards at 903.3 (size) and 903.4

22       (back support):

23

24

25

26

27

28



7. The photographs accurately reflect the condition of the Store on February 24, 2022.

8. Each time Plaintiff visited the Store he did so with the intent of conducting business there.

9. These barriers relate to and impact the Plaintiff's disability. Plaintiff personally encountered these barriers.

10. Plaintiff has incurred the following expenses, costs and damages in connection with this litigation:

| ITEM OF COST OR DAMAGE | AMOUNT |
|---|---|
| Filing Fee | $402.00 |
| Service of Process Fee | $62.83 |
| Unruh Statutory Damages | $4,000 |
| **TOTAL** | **$4,464.83** |

### 3. Legal Memorandum

There is no genuine dispute as to any material fact as photographically

documented above. The facts disclose that (1) Plaintiff is disabled within the meaning of

1   ADA; (2) Defendant is a private entity that owns a place of public accommodation and

2   (3) Plaintiff was denied full and equal treatment by Defendant because of his disability.

3   *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir 2007)

4.  **Prayer for Relief**

Plaintiff prays for relief as follows:

a.  For injunctive relief compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act; and

b.  For a specific order requiring Defendant to cease and desist from discrimination as defined in 42 U.S.C. §12182; and

c.  For costs, expenses and damages in the sum of $4,464.83; and

d.  To provide that any non-compliance with 42 U.S.C. §12182 will subject Defendant to a contempt of court citation and additional monetary damages and penalties.

**VERIFICATION**

Plaintiff verifies under the penalty of perjury that the fact stated above are true and correct to the best of his knowledge, memory and belief.

RESPECTFULLY SUBMITTED this 14th day of March, 2023.

_____

Fernando Gastelum
Emailed this 14th day of March, 2023, to Mr. Stillman, attorney for the Defendant.

/s/

5